**Ex Parte Cary KERR, Applicant.**

**No. WR–62402–03.**

Court of Criminal Appeals of Texas.

April 28, 2011.

Brad D. Levenson, Austin, for Appellant.

Steve Condor, Asst. Dist. Atty., Fort Worth, for State.

### ORDER

PER CURIAM.

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

In March 2003, a jury convicted applicant of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court,

accordingly, set applicant's punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Kerr v. State,* No. AP–74,637 (Tex.Crim. App. Jan. 12, 2005) (not designated for publication).

In October 2004, applicant filed in the trial court his initial post-conviction application for writ of habeas corpus. This Court denied applicant relief. *Ex parte Kerr,* No. WR–62,402–01 (Tex.Crim.App. Aug. 31, 2005) (not designated for publication). Applicant filed his first subsequent application in the trial court in August 2006. This Court dismissed that application because it failed to meet the dictates of Article 11.071, § 5. *Ex parte Kerr,* No. WR–62,402–02, 2006 WL 3735400 (Tex. Crim.App. Dec. 20, 2006) (not designated for publication). This, his second subsequent application, was filed in the trial court on April 27, 2011.

Applicant presents a single allegation in his application in which he asserts that his initial state habeas counsel rendered ineffective assistance of counsel which ineffectiveness denied applicant a proper review of his ineffective assistance of trial counsel claims. We have reviewed the application and find that applicant has failed to meet the requirements of Article 11.071, § 5. Accordingly, we dismiss his application and deny his motion for stay of execution.

IT IS SO ORDERED.

PRICE, J., filed a dissenting statement in which JOHNSON, J., joined.

PRICE, J., dissenting statement in which JOHNSON, J., joined.

For the first time in this subsequent application for writ of habeas corpus, the applicant alleges that his death sentence is constitutionally tainted by the ineffective-

---

However Rule 615, Tex.R. Ev. includes an oral statement in electronic form in the defi-

nition of a written statement.").

ness of his trial counsel at the punishment phase of his trial. He alleges that trial counsel failed to investigate the existence of fairly extensive mitigation evidence that could have established at trial, *inter alia,* that he was raised in a fractured and impoverished household by alcoholic and indifferent parental authorities who introduced him to alcohol at an early age, and that he suffered from ADHD as a child, and from other potential mental disorders as an adult. None of the affiants that the applicant now relies upon to supply this information was ever interviewed by his trial counsel—or, at least, those few who were interviewed prior to trial were only questioned with regard to guilt phase issues. In short, the applicant presents a more-than-colorable claim of ineffective assistance of counsel at the punishment phase of his capital murder trial, under *Wiggins v. Smith.*[1]

The applicant recognizes that this claim could have been raised in his initial application for writ of habeas corpus that was filed in 2004. It was not, he alleges with ample justification, because his original state habeas counsel was also constitutionally ineffective. Indeed, original state habeas counsel raised only record-based or non-cognizable claims on his behalf, and appears to have conducted no investigation into the constitutional effectiveness of the applicant's trial attorneys with respect to developing a case for mitigation. The applicant acknowledges that this Court has held that there is no constitutional right to effective representation in a post-conviction writ, and that a claim of ineffectiveness of original habeas counsel therefore does not count as an exception to the abuse of the writ doctrine as codified in Article 11.071, Section 5(a), of the Code of Criminal Procedure,[2] as construed in *Ex parte Graves.*[3] But the applicant argues that *Graves* should no longer be regarded as authoritative, or, alternatively, that we ought to overrule it. He asserts that the United States Supreme Court recently stayed the execution of another Texas inmate facing imminent execution, Cleve Foster, while it addresses the question (in another case) whether a condemned inmate is constitutionally entitled to the effective assistance of habeas counsel for purposes of any claim that may be raised only in an original post-conviction habeas corpus proceeding.[4]

Without comment or elaboration, the Court today simply dismisses the applicant's subsequent writ application as an abuse of the writ under Article 11.071, Section 5. As I did recently in Cleve Foster's subsequent state application for writ of habeas corpus,[5] I dissent in this case to the Court's refusal to take up the issue squarely presented here. Strictly speaking, I disagree with the applicant's assertion that *Graves* is no longer authoritative; though Graves himself ultimately obtained

**1.** 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

**2.** Tex.Code Crim. Proc. art. 11.071, § 5(a).

**3.** 70 S.W.3d 103 (Tex.Crim.App.2002).

**4.** *Foster v. Texas,* —— U.S. ——, 131 S.Ct. 1848, 179 L.Ed.2d 797 (2011). After initially denying Foster's cert petition, the Supreme Court entertained his motion for reconsideration and granted a stay of execution. The question presented in Foster's petition for certiorari is: "Whether the rights to equal protection, due process, and access to the courts demand that condemned prisoners be afforded the effective assistance of counsel in pursuing state habeas remedies with respect to claims, such as innocence and ineffective assistance of trial counsel, that can only be raised in state habeas proceedings and if not raised there are thereafter barred?"

**5.** *Ex parte Foster,* 2010 WL 5600129 (Tex. Crim.App., No. WR–65,799–02, decided Dec. 30, 2010) (not designated for publication) (Dissenting Statement of Price, J.).

post-conviction relief in federal court and was later exonerated of capital murder, that does not alter the current precedential value of this Court's holding that ineffective assistance of original state habeas counsel does not meet the statutory criteria of Section 5 that would allow a subsequent writ application to proceed to the merits. And that is the problem. I dissented to *Graves'* holding at the time,[6] and have generally bowed to its precedential value under *stare decisis.* But since Graves himself was recently exonerated, I have reached my limit. I would either file and set the applicant's subsequent writ application to decide the continuing vitality of *Graves,* as framed in my dissenting statement in *Foster,*[7] or I would stay the applicant's execution so that we may at least preserve the *status quo,* possibly to revisit the issue in light of whatever disposition the Supreme Court may make of *Foster* and/or some other related case pending there.[8]

To the Court's enduring complacency and willingness to let the Supreme Court do all its heavy lifting when it comes to death-penalty jurisprudence, I continue to dissent.

**6.** *Ex parte Graves, supra,* at 118–25 (Price, J., dissenting).

**7.** *See Ex parte Foster, supra,* at *2 ("I would stay the applicant's execution in this cause and file and set it to examine two questions: First, whether we should regard a colorable claim of ineffective assistance of original habeas counsel as a newly available fact for purposes of [Article 11.071,] Section 5(a)(1) and (e); or, failing that, whether we should recognize a claim of ineffective assistance of original habeas counsel as, at least, a non-statutory gateway for raising discrete constitutional claims that would otherwise be barred under Article 11.071, Section 5.").

**8.** The day before it stayed Foster's execution, the Supreme Court stayed the execution of an Arizona inmate pending its consideration of his petition for certiorari. *Cook v. Arizona,* — U.S. —, 131 S.Ct. 1847, 179 L.Ed.2d 771 (2011). The question presented in Cook's petition for certiorari is: "[W]hether Petitioner is entitled under the Sixth and Fourteenth Amendments to have *effective* post conviction counsel to raise [claims that can only be asserted in a post-conviction proceeding], because that proceeding represents Petitioner's first review allowed by the Arizona courts for such claims."