IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-58,375-02






EX PARTE LEE ANDREW TAYLOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 99F0504-202-B FROM THE


202ND DISTRICT COURT OF BOWIE COUNTY





 Price, J., filed a dissenting statement in which Johnson and Alcala, JJ., 
joined.


DISSENTING STATEMENT



 This is a subsequent application for writ of habeas corpus, brought under the auspices
of Article 11.071 of the Texas Code of Criminal Procedure. (1) In his first claim, the applicant
alleges that his death sentence is constitutionally tainted by the ineffectiveness of his trial
counsel at the punishment phase of his trial. He alleges that trial counsel failed to investigate
the existence of fairly substantial mitigation evidence--as he was constitutionally obligated
to do under Wiggins v. Smith. (2) This is a claim that could have been raised in the applicant's
initial application for writ of habeas corpus, but was not. Current counsel now argues that
we should nevertheless reach it because the applicant's initial state habeas counsel also
rendered constitutionally ineffective assistance of counsel in failing to challenge the
effectiveness of trial counsel's punishment investigation. Such a justification for entertaining
a subsequent writ application is presently foreclosed by this Court's opinion in Ex parte
Graves. (3)

 Just this past Monday, however, the United States Supreme Court granted certiorari
review of an Arizona case that significantly calls into question the premise of Graves that
post-conviction habeas applicants have no constitutional right to the effective assistance of
counsel, at least for claims that can be raised for the first time only on collateral attack. (4) The
applicant has filed a motion to stay his execution pending the Supreme Court's resolution of
that question. Without comment or elaboration, the Court today nevertheless simply
dismisses the applicant's subsequent writ application as an abuse of the writ under Article
11.071, Section 5. As I did recently in Cleve Foster's, Cary Kerr's, and John Balentine's
subsequent state applications for writ of habeas corpus, (5) I dissent in this case to the Court's
refusal to take up the issue squarely presented here. I would either file and set the applicant's
subsequent writ application to decide the continuing vitality of Graves, as framed in my
dissenting statement in Foster, (6) or I would stay the applicant's execution so that we may at
least preserve the status quo, possibly to revisit the issue in light of whatever disposition the
Supreme Court may make of Martinez.

 Because the Court will not, I once again dissent.


FILED: June 14, 2011

DO NOT PUBLISH


 
1. Tex. Code Crim. Proc. art. 11.071.
2. 539 U.S. 510 (2003).
3. 70 S.W.3d 103 (Tex. Crim. App. 2002).
4. Martinez v. Ryan, __ S.Ct. __, 2011 WL 380903, No. 10-1001 (June 6, 2011). The question
presented in Martinez is: "Whether a defendant in a state criminal case who is prohibited by state
law from raising on direct appeal any claim of ineffective assistance of trial counsel, but who has a
state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional
right to effective assistance of first post-conviction counsel specifically with respect to his
ineffective-assistance-of-trial-counsel claim." While defendants in criminal cases in Texas are not
legally prohibited from challenging the effectiveness of their trial counsel on direct appeal, such
claims typically call for extensive factual development beyond what is disclosed in the appellate
record, and thus, as a practical matter, post-conviction habeas corpus is the first opportunity to raise
them. Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999).
5. Ex parte Foster, 2010 WL 5600129 (Tex. Crim. App., No. WR-65,799-02, decided Dec. 30,
2010) (not designated for publication) (Dissenting Statement of Price, J.); Ex parte Kerr, __ S.W.3d
__, 2011 WL 1644141 (Tex. Crim. App. 2011) (Dissenting Statement of Price, J.); Ex parte
Balentine, (Tex. Crim. App., No. WR-54,071-03, decided June 14, 2011) (not designated for
publication) (Dissenting Statement of Price, J.).
6. See Ex parte Foster, supra, at *2 ("I would stay the applicant's execution in this cause and
file and set it to examine two questions: First, whether we should regard a colorable claim of
ineffective assistance of original habeas counsel as a newly available fact for purposes of [Article
11.071,] Section 5(a)(1) and (e); or, failing that, whether we should recognize a claim of ineffective
assistance of original habeas counsel as, at least, a non-statutory gateway for raising discrete
constitutional claims that would otherwise be barred under Article 11.071, Section 5.").